T.C. Summary Opinion 2015-10

UNITED STATES TAX COURT

JOSHUA J. STEBBINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25708-13S.                    Filed February 11, 2015.

Joshua J. Stebbins, pro se.

<u>Richard J. Hassebrock</u>, for respondent.

SUMMARY OPINION

FOLEY, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect relating to the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. After concessions, the issues for decision are whether petitioner may offset his net self-employment earnings with a net operating loss (NOL) carryover and whether petitioner is liable for additions to tax pursuant to section 6651(a)(1).

Background

During 2007, 2008, and 2009 petitioner operated "Aslan Worldwide" (Aslan), a sole proprietorship. Petitioner incurred an $81,957 NOL relating to 2007 and reported a $91,812 net loss from self-employment relating to 2008. Petitioner untimely filed his 2008 and 2009 Forms 1040, U.S. Individual Income Tax Returns.

On August 1, 2013, respondent sent petitioner a notice of deficiency relating to 2008. Respondent determined that petitioner was liable for a $37,219 income tax deficiency, a $16,228 self-employment tax deficiency, and a $9,305 section 6651(a)(1) addition to tax. Respondent further determined that petitioner underreported gross receipts, underreported net self-employment earnings, and was not entitled to certain deductions.

On August 1, 2013, respondent sent petitioner and his spouse a notice of deficiency relating to 2009. Respondent determined that they were liable for a

$25,033 income tax deficiency and a $1,125 section 6651(a)(1) addition to tax.

Petitioner, while residing in Ohio, timely filed a petition with the Court.

Discussion

An NOL is the excess of allowable deductions over gross income. See sec. 172(c). Section 172(a) allows an NOL deduction for the aggregate of NOL carrybacks and carryovers. Petitioner contends that his NOL carryover relating to 2007 may offset his 2008 net self-employment earnings. We disagree. Section 1402(a)(4) provides that in determining net self-employment earnings, the deduction for net operating losses provided in section 172 shall not be allowed. See sec. 1402(a); secs. 1.1402(a)-1, 1.1402(a)-7, Income Tax Regs.

Section 6651(a)(1) provides that a taxpayer shall be subject to an addition to tax for failure to timely file a return unless such failure was due to reasonable cause and not willful neglect. Respondent bears, and has met, the burden of production relating to the section 6651(a)(1) additions to tax and has established that petitioner failed to timely file his 2008 and 2009 returns. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioner's failure to timely file returns was the result of willful neglect and not reasonable cause. Accordingly, petitioner is liable for section 6651(a)(1) additions to tax relating to 2008 and 2009.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.